IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE LEA-STOKES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | 3:04-CV-0748-K |
| HUNT COUNTY MENTAL HEALTH | § | |
| AND MENTAL RETARDATION | § | |
| CENTER, TEXAS DEPARTMENT OF | § | |
| MENTAL HEALTH and MENTAL | § | |
| RETARDATION, and JOHN D. GILL, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION and ORDER

Before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint. Having considered the merits of the motion, the Court rules that Plaintiff's Motion for Leave to Amend filed May 3, 2005, is hereby **GRANTED**. Also before the Court are Defendant John D. Gill's ("Dr. Gill") Motion and Amended Motion to Dismiss for Failure to state a claim upon which relief can be granted. The Court will address the Defendant's Motions to Dismiss Plaintiff's Second Amended Complaint. Dr. Gill's Motion to Dismiss is **GRANTED** because Dr. Gill can only be held liable in his official capacity as an agent of his employer, and Dr. Gill was not a party to the contract at issue.

I.      **Background**

Plaintiff Dr. Michelle Lea-Stokes ("Dr. Stokes") was employed as Medical

Director of the Hunt County Mental Health and Mental Retardation Center ("HCMHMRC") which was taken over by the Texas Department of Mental Health and Mental Retardation ("TDMHMR") in April of 2003. Dr. Stokes now brings suit against HCMHMRC, TDMHMR and John D. Gill alleging unlawful race and gender discrimination in violation of Title VII of the Civil Rights Act and breach of contract.

II.     **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." However, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claims that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). In determining whether dismissal should be granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Capital Parks, Inc. v. S.E. Adver. and Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, the plaintiff "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)).

III.    **Title VII**

Under Title VII only an "employer" can be held liable for discrimination. *See Garcia v. Elf Atochem N. Am.*, 28 F.3d 446, 450-51 (5th Cir. 1994), abrogated on other grounds by *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 118 (1998); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994), cert. denied, 513 U.S. 1015 (1994). An "employer" is "a person engaged in an industry affecting commerce . . . and any agent of such a person." 42 U.S.C. 2000e(b). The Fifth Circuit has interpreted the term "any agent" to include an employee's immediate supervisors when those individuals exercise "the employer's traditional rights, such as hiring and firing." *See Garcia*, 28 F.3d at 451 (explaining further that "agents" who may be held liable under Title VII are those supervisors who are responsible for the terms and conditions of a plaintiff's employment, work assignment within the company, or hiring and firing decisions); *see also Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990). The employee exercises these rights and becomes an agent of the employer for purposes of Title VII liability, however, only when he acts in his official capacity. *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998). Thus, a recovery under Title VII for a supervisor's actions must be against the supervisor in his official capacity rather than his individual capacity. *Id.*; *see also Harvey v. Blake*, 913 F.2d at 227-28 (5th Cir. 1990).

Dr. Stokes relies on *Hamilton v. Rodgers*, 791 F.2d 439 (5th Cir. 1986), for the proposition that Dr. Gill is liable under Title VII as an agent of her employer. Dr. Stokes alleges that in February of 2002, Dr. Gill was appointed acting Executive Director of HCMHMRC. Dr. Stokes further alleges that in this position, Dr. Gill had substantial

3

control over her work assignments, evaluations, pay raises and termination; and therefore, is liable under Title VII as an agent of her employer.

*Hamilton*, however, was abrogated by *Harvey*, 913 F.2d at 228, to the extent that it was interpreted as holding a supervisor personally liable under Title VII. *Harvey* expressly noted that *Hamilton* is not authoritative as to the personal liability of supervisors and that *Clanton v. Orleans Parish School Board*, 649 F.2d 1084 (5th Cir. 1981), is controlling on this issue. *Harvey*, 913 F.2d at 228, n.2. *Clanton* held that supervisors can be liable only in their official capacities, and then only if they are found to be agents of the employer. *See Clanton*, 649 F.2d at 1099-1100; *see also Harvey*, 913 F.2d at 227-28.

Taking Plaintiff's alleged facts as true and assuming that Dr. Gill was Dr. Stokes' "immediate supervisor" or "responsible for the terms and conditions of plaintiff's employment," Dr. Gill can only be held liable under Title VII in his official capacity as an agent of the employer because an individual employee may not be held personally liable for damages under Title VII. *See Harvey*, 913 F.2d at 227-28.

Therefore, Dr. Stokes has failed to state a claim upon which relief can be granted against Dr. Gill on her Title VII cause of action. Even if Dr. Gill qualifies as an employer under Title VII, Dr. Gill can only be held liable in his official capacity as an agent of the employer because an individual employee may not be held personally liable for damages under Title VII. *Id; see also Davidson v. Serv. Corp. Inter.*, 943 F. Supp. 734, 737 (S.D. Tex. 1996) (holding civil rights plaintiff may not maintain an action against

both a corporation and its agent in an official capacity because any liability that attaches to an officer or agent in his official capacity runs against the corporation). Therefore, the Title VII claim against Defendant Dr. Gill is dismissed.

## IV.   Contract

Dr. Stokes has failed to state a claim upon which relief can be granted against Dr. Gill on her breach of contract claim. Plaintiff alleges that she entered into a valid contract with HCMHMRC on or about July 2, 2002. Dr. Stokes seeks to hold Dr. Gill liable for breach of contract; however, Dr. Gill is not liable to Dr. Stokes for breach of contract because Dr. Gill was not a party to the contract Plaintiff alleges was breached.

## V.   Conclusion

Dr. Stokes failed to state a claim upon which relief can be granted against Dr. Gill as to her Title VII cause of action because Dr. Gill can only be held liable in his official capacity as an agent of the employer; and she failed to state a claim as to her contract claim because Dr. Gill was not a party to the contract at issue. For these reasons, Dr. Gill's Motion to Dismiss is hereby **GRANTED** and the case is **DISMISSED** with prejudice.

**SO ORDERED.**

Signed August 5th, 2005.

/s/
ED KINKEADE
UNITED STATES DISTRICT JUDGE