IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE LEA-STOKES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | 3:04-CV-0748-K |
| HUNT COUNTY MENTAL HEALTH | § | |
| AND MENTAL RETARDATION, ET. | § | |
| AL. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## **MEMORANDUM OPINION and ORDER**

Before the Court is Defendant Hunt County Mental Health and Mental Retardation Center's ("HCC") Motion for Summary Judgment (Document No. 65) and Motion to Strike Plaintiff's Summary Judgment Evidence (Document No. 72). The Court rules as follows:

(1) The Court **DENIES** HCC's Motion to Strike Plaintiff's Summary Judgment Evidence.

(2) The Court **DENIES** summary judgment for HCC on Dr. Stokes' claims for (a) Title VII race and gender discrimination and (b) creation of a racially hostile work environment because Dr. Stokes has established prima facie cases and presented sufficient evidence to create genuine fact issues for

trial on those claims. The Court **GRANTS** summary judgment for HCC on Plaintiff Michelle Lea-Stokes' ("Dr. Stokes") breach of employment contract claim because Defendant, a state agency, is entitled to governmental immunity from suit.

I.     Background

This is an employment dispute between Dr. Stokes and HCC. Dr. Stokes filed her Original Complaint on April 9, 2004 alleging claims of gender and race discrimination and creation of a racially hostile work environment. On May 24, 2004, Dr. Stokes amended her original complaint to allege that HCC breached her employment agreement.

On June 28, 2002, Dr. Stokes, a certified medical psychiatrist, and HCC entered into a three year employment agreement whereby Dr. Stokes would serve as HCC's Medical Director. Dr. Stokes began working for HCC on July 1, 2002. In February 2003, Defendant Texas Department of Mental Health and Mental Retardation ("TDMHMR") took over HCC's day-to-day operations and appointed John D. Gill ("Mr. Gill") as acting Executive Director of HCC. TDMHMR was later dissolved and the Texas Department of Aging and Disability Services ("DADS") was named as the successor agency. In her role as Medical Director, Dr. Stokes reported to Mr. Gill until she was discharged on April 29, 2003. Dr. Stokes, an African-American female, alleges that her employment agreement was terminated because of her race and gender and that

she was a subjected to a racially hostile work environment. Therefore, Dr. Stokes brought this suit claiming HCC violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and breached the employment agreement.

## II.     Legal Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id*. at 321-25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## III.     Breach of Contract Claim

HCC is entitled to summary judgment as a matter of law on Dr. Stokes' breach of contract claim because HCC, as a state agency, is immune from suit. Sovereign

immunity, unless waived, protects the State and its agencies from lawsuits for damages and encompasses both immunity from liability and immunity from suit. *Gen. Services Commn. v. Little-Tex Insulation Co., Inc.,* 39 S.W.3d 591, 594 (Tex. 2001). Immunity from suit bars an action against the State unless the Legislature expressly gives consent to waive such immunity. *Id.* The party suing the State, therefore, must show the Legislature has clearly and unambiguously given consent by referencing a statute or a resolution. *Id.* In contrast, immunity from liability protects the State from judgments even when the State has consented to waive immunity from suit. *Id.* HCC is a "community center" formed under Chapter 534 of the Texas Health & Safety Code. As a community center, HCC is deemed an agency of the state, a governmental unit, and a unit of local government entitled to immunity from suit. *See* Tex. Health & Safety Code Ann. § 534.001(c)(1); *Dallas Cnty. Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 343-44 (Tex. 1998).

In this case, Dr. Stokes has sued HCC alleging it breached her employment agreement. When a state agency like HCC contracts with private persons such as Dr. Stokes, it waives only immunity from liability not immunity from suit. *Gen. Services,* 39 S.W.3d at 594-95. Therefore, HCC may be liable for any contractual breach as if it were a private person. *Id.* However, HCC does not waive immunity from suit simply by contracting with Dr. Stokes. *Id.* Unless immunity from suit is waived, plaintiffs are precluded from bringing actions against the State and its agencies for breach-of-contract.

*Id.* Because HCC does not waive immunity from suit by merely contracting with Dr. Stokes, she must show the Legislature has clearly and unambiguously given consent to waive immunity from suit. *Id.* Dr. Stokes has not pled, nor shown any evidence, to establish that the Legislature consented to waive HCC's immunity from suit in this case. She is, therefore, precluded from suit. Dr. Stokes' failed to show the existence of a genuine fact issue for trial in her response to HCC's motion for summary judgment on the breach-of-contract claim. The Court, therefore, **GRANTS** summary judgment for HCC on Dr. Stokes' breach-of-contract claim.

### IV.   Conclusion

The Court **DENIES** HCC's Motion to Strike Plaintiff's Summary Judgment Evidence.

The Court **DENIES** summary judgment for HCC on Dr. Stokes' claims for (a) Title VII race and gender discrimination and (b) creation of a racially hostile work environment. The Court **GRANTS** summary judgment for HCC on Plaintiff Michelle Lea-Stokes' ("Dr. Stokes") breach of employment contract claim.

**SO ORDERED.**

Signed September 14th, 2006.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE